IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID BRINSON, | ) | 8:08CV133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CONAGRA FOODS, INC., and | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee. (Filing No. 10.) Plaintiff is a prisoner who is proceeding in forma pauperis in this action. (Filing No. 7.) In his Motion, Plaintiff states that he has insufficient funds to pay the initial partial filing fee assessed in the court's May 9, 2008 Order. (Filing No. 10.) Plaintiff states that he has been transferred to another institution and has limited funds as a result of that transfer. (Id.) The court finds that Plaintiff has shown good cause for extending the time to pay the initial partial filing fee.

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. See Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee (Filing No. 10) is granted;

2. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00;

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution; and

4. Plaintiff shall continue to keep the court informed of his current address at all times while this case is pending, as failure to do so may result in dismissal of this matter.

DATED this 11th day of June, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge