IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID BRINSON, | ) | CASE NO. 8:08CV133 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CONAGRA FOODS, INC., and | ) | |
| SEDGWICK CLAIMS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 31, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on March 31, 2008, against two Defendants, ConAgra Foods, Inc. ("ConAgra"), and Sedgwick Claims Management Services, Inc. ("Sedgwick"). (Filing No. 1 at CM/ECF p. 1.) ConAgra and Sedgwick are both located in Omaha, Nebraska. Plaintiff is prisoner confined in a correctional facility in Napanoch, New York. (Id. at CM/ECF pp. 1-2.)

Condensed and summarized, Plaintiff alleges that on February 17, 2007, Plaintiff received two boxes of Crunch N' Munch in a package from his sister. (Id. at CM/ECF p. 5.) Plaintiff ate "what appeared to be Hair/ or some type of foreign object" from box No. "2100631402." (Id.) Plaintiff alleges that the Crunch N' Munch caused him to be sick for ten days. (Id. at CM/ECF p. 7.)

Before Plaintiff filed his Complaint, he contacted ConAgra to report his product liability claim and sent in the "foreign object" that he consumed attached to a notarized letter.  (*Id.* at CM/ECF pp. 9, 18.)  ConAgra turned the matter over to Sedgwick, ConAgra's claim administrator.  (*Id.* at CM/ECF p. 11.)  After reviewing the claim, Sedgwick forwarded the "foreign object" to the lab for testing.  The test results revealed that the "foreign object" was an "amalgamation of popped popcorn, caramel and burnt plant material such as corn silk; which would be inherent to the product."  Sedgwick offered Plaintiff a ten dollar "gesture of goodwill" to release and discharge ConAgra from liability.  (*Id.* at CM/ECF p. 14.)   Plaintiff refused to sign the release or accept the ten dollars.  (*Id.* at CM/ECF p. 7.) Plaintiff now seeks damages from ConAgra in the amount of $150,000.00.  (*Id.*)

## II.      APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967),* and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v.*

*Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff here alleges a products liability claim. However, such a claim is only appropriately brought in this court if Plaintiff meets the requirements for subject matter jurisdiction. As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3). Subject matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Liberally construed, it appears that Plaintiff brought his claims pursuant to 28 U.S.C. § 1332. (Filing No. 1 at CM/ECF p. 4.) Plaintiff is confined in a correctional facility in Napanoch, New York, and the Defendants are both located in Omaha, Nebraska. (*Id.* at CM/ECF pp. 1-2.) Thus, the parties are diverse. In addition, Plaintiff seeks more than $75,000.00 in damages, which is enough to satisfy the jurisdictional requirement. (*Id.* at CM/ECF p. 7.) Further, Plaintiff has set forth enough allegations to "nudge" his claims across the line from "conceivable to plausible." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Plaintiff's claims against Defendants may therefore proceed. However, the court cautions

3

Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants may proceed and service is now warranted;

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**October 30, 2008**: Check for completion of service of summons;"

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current

4

address at all times while this case is pending. **Failure to do so may result in dismissal.**

Dated this 3rd day of July, 2008.

                                      BY THE COURT:


                                      s/Laurie Smith Camp
                                      United States District Judge