**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DAVID BRINSON,** | ) | **CASE NO. 8:08CV133** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CONAGRA FOODS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 25.) As set forth below, the Motion is granted.

## I. BACKGROUND

Plaintiff filed his Complaint in this matter on March 31, 2008. (Filing No. 1.) At the time of the Complaint, Plaintiff was a prisoner who was incarcerated in a New York state facility. (*Id.* at CM/ECF p. 1.) Defendant is a Nebraska corporation. (*Id.*)

Plaintiff's claims are generally state-law products liability claims resulting from the purchase of the product "Crunch-n-Munch," which is manufactured by Defendant. (*Id.* at CM/ECF p. 6.) Plaintiff claims that he ate "Crunch-n-Munch" and later became ill with fevers, vomiting, and diarrhea. (*Id.* at CM/ECF p. 7.) However, Plaintiff alleges that he sustained no physical injury as a result of this illness. (*Id.*) Plaintiff requests $150,000.00 in damages. (*Id.*)

Defendant filed its Motion to Dismiss on September 25, 2008. (Filing No. 25.) In that Motion, Defendant requested that the court treat the Motion as a Motion for Summary Judgment. (*Id.*) The court agreed that is was appropriate to convert the Motion to Dismiss to a Motion for Summary Judgment and permitted Plaintiff an opportunity to file any

affidavits or other evidence in response to Defendant's arguments and evidence. (Filing No. 39.)

On January 23, 2009, Plaintiff filed an Affidavit. (Filing No. 39.) The relevant portion of the Affidavit states:

> Plaintiff herein repeats and reiterates each and every one of the arguments presented in his previous submissions in Opposition to Defendant's Rule 12(b)(6) Motion for Dismissal and Summary Judgment. Plaintiff believes that he has established a prima facie basis for his Complaint, and that such Complaint presents issues that should be decided based upon the merits of the claim.

(*Id.* at CM/ECF p. 1.) As set forth in Federal Rule of Civil Procedure 56:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

Fed. R. Civ. P. 56(e)(2).

Here, Plaintiff has done nothing more than "rely merely on allegations or denials in its own pleading." Plaintiff's Affidavit simply "repeats and reiterates" the Complaint and other pleadings and does not set forth any specific facts. The Affidavit is therefore insufficient and will not be considered by the court.

## II. ANALYSIS

Defendant seeks dismissal of the claims against it, among other things, because this court lacks subject matter jurisdiction. As set forth by the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3). As set forth below, the court lacks subject matter jurisdiction and this matter is therefore dismissed.

### A. Federal Question Jurisdiction

Plaintiff states that he brings his claims pursuant to 42 U.S.C. § 1983. (Filing No. 1 at CM/ECF p. 1.) Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. *See, e.g., Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983.") (citations omitted). Therefore, if the actions of the defendant were "not state action, our inquiry ends." *Rendell-Baker*, 457 U.S. at 838.

Plaintiff has not alleged that Defendant is a state actor or that its alleged activities are "fairly attributable" to the state. Rather, it appears that the only reference to a federal

statute in the Complaint was made by the court, through Plaintiff's use of a pre-printed form. Defendant is a private corporation. Plaintiff does not allege, nor does the evidence support a finding, that Defendant acted under color of state law in manufacturing the product at issue here. Liberally construed, Plaintiff's allegations do not support federal question jurisdiction.

### B. Diversity Jurisdiction

Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Defendant challenged whether Plaintiff's allegations met the amount in controversy requirement. (Filing No. 31 at CM/ECF p. 3 ("Indeed, Plaintiff has not submitted a shred of evidence that would support the claim that he was ever even injured,

4

much less that he has been injured to the extent mandated by the jurisdictional requirements of 28 U.S.C. § 1332(a).").) It is therefore Plaintiff's burden to show that his claims satisfy the amount in controversy. However, Plaintiff did not submit any evidence showing that he was injured by Defendants, or to what extent. Instead, Plaintiff reiterated the unsupported allegations of his Complaint and stated that he "remains confident that the extent of his injury will meet the level mandated by the jurisdictional requirements of 28 U.S.C. Subsection 1332(a)." (Filing No. 34 at CM/ECF p. 2.) Simply put, Plaintiff has not proven by a preponderance of the evidence that his claims meet the amount in controversy requirement. After Defendant challenged jurisdiction, Plaintiff presented nothing other than his hope that, at some point in the future, he will meet the jurisdictional amount in controversy. Such a hope is insufficient to establish subject matter jurisdiction, "because jurisdiction is measured by the amount properly pleaded or as of the time of the suit, not by the end result." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (quotation omitted). In light of this, the court lacks jurisdiction.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (Filing No. 25) is granted and Plaintiff's Complaint is dismissed without prejudice to reassertion in the proper forum; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

5